UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT EVERETT PAYNTER, #790603,

        Petitioner,

                               CASE NO. 13-CV-10460
v.                              HONORABLE GERALD E. ROSEN

MARY BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION TO STAY THE
PROCEEDINGS, DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Scott Everett Paynter ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pleadings, he raises 12 claims concerning the sufficiency of the evidence, the conduct of the prosecutor, the admission of evidence, the jury instructions, cumulative error, and the effectiveness of trial and appellate counsel. The matter is before the Court on Petitioner's motion to stay the proceedings so that he can return to the state courts and exhaust state court remedies as 10 of his 12 habeas claims. For the reasons stated, the Court denies Petitioner's motion to stay the proceedings and instead dismisses without prejudice the petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner was convicted of two counts of first-degree criminal sexual conduct, MICH. COMP.

LAWS § 750.520b(1)(a), and one count of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(a), following a jury trial in the Oakland County Circuit Court. Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the sufficiency of the evidence and the effectiveness of trial counsel for failing to object to certain police testimony. The Michigan Court of Appeals denied relief on those claims and affirmed Petitioner's convictions. *People v. Paynter*, No. 302488, 2012 WL 882485 (Mich. Ct. App. March 15, 2012) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Paynter*, 492 Mich. 867, 819 N.W.2d 573 (Sept. 4, 2012). Petitioner dated his federal habeas petition and motion to stay the proceedings on January 28, 2013.

**III. Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner

2

to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. His habeas petition indicates that he exhausted his first two claims in the state courts by presenting them to the Michigan Court of Appeals and the Michigan Supreme Court, but he has not done so with respect to his remaining claims. Petitioner acknowledges the has not exhausted his state court remedies as to those 10 claims and states that he is preparing a motion for relief from judgment for filing in state court.

Generally, a federal district court should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of state court remedies would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state remedies). Additionally, a federal court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable

3

to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, there is no evidence of intentional delay, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has available remedies in the Michigan courts by which to satisfy the exhaustion requirement. As he acknowledges in his petition, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted claims in the state appellate courts as necessary. Petitioner therefore has additional remedies in the state courts which must be exhausted before seeking federal habeas relief.

Petitioner requests a stay of the proceedings while he pursues additional state remedies. A stay of the proceedings is not warranted. First, the one year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied leave to appeal on September 4, 2012, and the time for seeking a writ of certiorari with the United States Supreme Court expired on or about December 3, 2012. Petitioner dated his federal habeas petition on January 28, 2013. Thus, less than two months of the one-year period has run. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will

also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Petitioner has sufficient time to fully exhaust all of his issues in the state courts and return to federal court should he wish to do so.

Additionally, while there is no evidence of intentional delay, Petitioner has not shown good cause for failing to raise his additional issues in the state courts before seeking federal habeas relief. Lastly, Petitioner's unexhausted issues concern matters of federal law which do not appear to be "plainly meritless." Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

**IV.    Conclusion**

For the reasons stated, the Court concludes that Petitioner must exhaust state court remedies as to all of his claims before proceeding on federal habeas review and that a stay is unwarranted. Accordingly, the Court **DENIES** Petitioner's motion to stay the proceedings and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of his claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). This case is closed.

    **IT IS SO ORDERED**.


                    s/Gerald E. Rosen
                    Chief Judge, United States District Court

Dated: April 11, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 11, 2013, by electronic and/or ordinary mail.

                    s/Julie Owens
                    Case Manager, (313) 234-5135